# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: January 23, 2025

* * * * * * * * * * * * * * * * * * * * * * * * *
BASIL MCNEELY, *
* Special Master Young
Petitioner, *
v. * No. 18-1243V
*
SECRETARY OF HEALTH *
AND HUMAN SERVICES, *
*
Respondent. *
* * * * * * * * * * * * * * * * * * * * * * * * *

*Renee J. Gentry*, The Law Office of Renee J. Gentry, Washington, DC, for Petitioner.
*Jamica M. Littles*, United States Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING DAMAGES**[1]

On August 20, 2018, Basil McNeely ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Pet. at 1, ECF No. 1. Petitioner later filed an amended petition on October 14, 2020. Am. Pet. at 1, ECF No. 48. Petitioner alleged that the administration of the tetanus, diphtheria, acellular pertussis ("Tdap") vaccine he received on August 21, 2016 caused significant aggravation of his preexisting cervical radiculopathy. *Id.* at 2. On June 28, 2024, I ruled that Petitioner is entitled to compensation. Ruling on Entitlement, ECF No. 65.

On January 23, 2024, Respondent filed Respondent's Proffer on Award of Compensation ("Proffer"), attached hereto as Appendix A. Proffer, ECF No. 77. Based on the record as a whole,

[1] Because this unpublished decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act," "the Act," or the "program").

I find the Proffer reasonable and adopt it as the Decision of the Court in awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the Proffer, attached as Appendix A, I award Petitioner:

(1) A lump sum payment of $78,703.03, representing compensation for pain and suffering ($74,000.00) and past unreimbursable expenses ($4,703.03), in the form of a check payable to Petitioner, Basil McNeely. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

s/Herbrina D. S. Young
Herbrina D. S. Young
Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| BASIL MCNEELY,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 18-1243V<br>Special Master Young<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On August 20, 2018, Basil McNeely ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine he received on August 21, 2016. Petition, ECF No. 1 at 1, 3-4. On January 21, 2020, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case was not appropriate for compensation under the terms of the Act for a SIRVA Table injury. ECF No. 37.

This case was reassigned to this special master on April 3, 2020, and on October 12, 2020, petitioner filed an expert report indicating that his August 2016 Tdap vaccine significantly aggravated his pre-existing left C7 radiculopathy. Petitioner's Exhibit ("Ex") 53 at 9-10. On October 14, 2020, petitioner filed an Amended Petition averring the same, and on February 19, 2021, respondent filed a responsive expert report. ECF No. 48 at 2; Ex. A at 1-4. Petitioner also

filed a supplemental expert report on May 24, 2021, and respondent filed a responsive supplemental expert report on August 9, 2021. ECF Nos. 55-56.

Following briefing, on June 28, 2024, the Court issued a Ruling on Entitlement finding that petitioner is entitled to compensation.[1] ECF No. 65.

## I. Items of Compensation

### A. Pain and Suffering

Respondent proffers that petitioner should be awarded $74,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

### B. Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $4,703.03. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Special Master's decision and the

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's June 28, 2024, entitlement decision.

Court's judgment award the following[2]: a lump sum payment of $78,703.03, in the form of a check payable to petitioner.

**III. Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Basil McNeely: **$78,703.03**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

COLLEEN C. HARTLEY
Assistant Director
Torts Branch, Civil Division

*<u>/s/ Jamica M. Littles</u>*
JAMICA M. LITTLES
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-4014
Email: jamica.m.littles@usdoj.gov

DATED: January 23, 2025

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.