# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  November 25, 2025

```
* * * * * * * * * * * * * *   *
BASIL MCNEELY,                 *      No. 18-1243
                               *
          Petitioner,          *      Special Master Young
                               *
v.                             *
                               *
SECRETARY OF HEALTH            *
AND HUMAN SERVICES,            *
                               *
          Respondent.          *
* * * * * * * * * * * * * *   *
```

*Renee Ja Gentry*, The Law Office of Renee J. Gentry, Washington, DC, for Petitioner;
*Jamica Marie Littles*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On August 20, 2018, Basil McNeely ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program. 42 U.S.C. §§ 300aa-10 to -34 (2018)[2] (the "Vaccine Act" or "Program"). Petitioner later filed an amended petition on October 14, 2020. Am. Pet. at 1, ECF No. 48. Petitioner alleged that the administration of the tetanus, diphtheria, acellular pertussis ("Tdap") vaccine he received on August 21, 2016, caused significant aggravation of his preexisting cervical radiculopathy. *Id*. at 2. On June 28, 2024, I issued a ruling on entitlement finding Petitioner entitled to compensation. ECF No. 65. On January 23, 2025, Respondent filed a proffer which I adopted decision awarding damages on the same day. ECF No. 78.

On April 4, 2025, Petitioner filed a motion for attorneys' fees and costs. ("Pet'r's Mot. for AFC") (ECF No. 83). Petitioner requests total attorneys' fees and costs in the amount of $110,599.80,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

representing $70,649.25 in attorneys' fees and $24,090.55 in attorneys' costs associated with Petitioner's current counsel, Ms. Renee Gentry, as well as $15,860.00 in attorneys' fees associated with Petitioner's prior counsel at Thetford & Thetford LLC. Pet'r's Mot. for AFC at 1. Pursuant to General Order No. 9, Petitioner states that he personally incurred costs in the amount of $402.31 related to the prosecution of his petition. Pet'r's Mot. for AFC Supporting Documentation at 1-2. Respondent responded to the motion on April 7, 2025, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2, 4. (ECF No. 84). Petitioner did not file a reply.

This matter is now ripe for consideration.

## I.      Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of her or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because Petitioner was awarded compensation pursuant to a proffer, he is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

2

### A.      Reasonable Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[3]

Petitioner requests the following rates of compensation for her counsel at The Law Office of Renee J. Gentry, Esq.: for Ms. Renee Gentry, the rate of $435.00 per hour for work performed in 2018, $445.00 per hour for work performed in 2019, $464.00 per hour for work performed in 2020, $489.00 per hour for work performed in 2021, $504.00 per hour for work performed in 2022, $531.00 per hour for work performed in 2023, $561.00 per hour for work performed in 2024, and $602.00 per hour for work performed in 2025; and for Mr. Clifford Shoemaker, $450.00 per hour for work performed in 2018, and $460.00 per hour for work performed in 2019. Petitioner also requests $150.00 per hour for paralegal work performed in 2018 and 2019. The rates requested are consistent with what counsel and paralegals have previously been awarded for their Vaccine Program work, and I find them to be reasonable herein.

### B.      Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review of the submitted billing records, I find the time billed somewhat excessive for interoffice communication. These issues have arisen in other cases handled by Mr. Shoemaker, where counsel was admonished for excessive interoffice communication and the lack of detail regarding that communication, as well as billing for clerical work. *See Maciel v. Sec'y of Health & Human Servs.*, No. 15-362V, 2019 WL 6249369, at *3 (Fed. Cl. Spec. Mstr. Oct. 17, 2019); *see also Oliver v. Sec'y of Health & Human Servs.,* No. 10-394V, 2019 WL 2246727, at *3 (Fed. Cl. Spec. Mstr. Apr. 16, 2019). I find that a five percent reduction of attorneys' fees for the time billed from 2018-2019 ($36,285.95) is necessary to offset this issue. This results in a reduction of **$1,814.30** from the work attributable to The Law Office of Renee J. Gentry, Esq.

Additionally, Petitioner requests compensation for services provided by Thetford & Thetford LLC at a rate of $150.00 per hour, prior to filing her petition.[4]  I find that the rate and hours billed by Thetford & Thetford are reasonable and require no reduction.

---

[3] The OSM Fee Schedules are available at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

[4] This amount was billed across three invoices (Invoice No. 1 - $4,732.50; Invoice No. 2 - $2,367.50; Invoice No. 3 - $8,760.00). Pet'r's Mot. for AFC Supporting Documentation at 85, 87, 91.

Petitioner is therefore entitled to final attorneys' fees in the amount of $84,694.95, representing $68,834.95 in attorneys' fees for The Law Office of Renee J. Gentry, Esq., and $15,860.00 in attorneys' fees for Thetford & Thetford.

**C.   Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $24,090.55 in attorneys' costs comprised of acquiring medical records, photocopies, expert services provided by Dr. Carlos Tornatore, M.D. for 40.5 hours at a rate of $450.00 per hour totaling $18,225.00, and an invoice for services provided by Thetford & Thetford in the amount of $4,732.50. Pet'r's Mot. for AFC Supporting Documentation at 85, 91.

The $4,732.50 expense for "Referring Counsel – Thetford & Thetford, LLC invoice 12100" was included with Thetford & Thetford's attorneys' fees; therefore, this invoice may not also be included with Ms. Gentry's costs. *See* Pet'r's Mot. for AFC Supporting Documentation at 21-22. This duplicate expense will not be reimbursed.

Petitioner has provided adequate documentation supporting the remaining costs and were reasonably incurred in this case. Accordingly, Petitioner is entitled to final attorneys' costs of $19,358.05.

Finally, Petitioner requests $402.31 in fees related to the prosecution of the case. This amount includes the Court's filing fee and postage. These costs are reasonable and shall be reimbursed in full.

**II.   Conclusion**

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable. Based on the above analysis, I find that it is reasonable to compensate Petitioner and his counsel as follows:

| The Law Office of Renee J. Gentry | |
|---|---|
| Attorneys' Fees Requested | $70,649.25 |
| (Reduction of Fees) | ($1,814.30) |
| **Total Attorneys' Fees Awarded** | **$68,834.95** |
| | |
| Attorneys' Costs Requested | $24,090.55 |
| (Reduction of Costs) | ($4,732.50) |
| **Total Attorneys' Costs Awarded** | **$19,358.05** |
| | |
| **Total Attorneys' Fees and Costs (The Law Office of Renee J. Gentry)** | **$88,193.00** |
| | |
| **Thetford & Thetford LLC** | |
| Attorneys' Fees Requested | $15,860.00 |

4

| | |
|---|---|
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded (Thetford & Thetford LLC)** | **$15,860.00** |
| | |
| Petitioner's Personal Costs | $402.31 |
| (Reduction of Petitioner's Costs) | - |
| **Total Petitioner's Costs Awarded** | **$402.31** |

**Accordingly, I award the following:**

1) **a lump sum in the amount of $88,193.00 representing reimbursement for Petitioner's attorneys' fees and costs incurred by The Law Office of Renee J. Gentry, to be paid through an ACH deposit to Ms. Renée J. Gentry's IOLTA account for prompt disbursement.**

2) **a lump sum in the amount of $15,860.00 representing reimbursement for Petitioner's attorneys' fees and costs incurred by Thetford & Thetford LLC, to be paid through an ACH deposit to Ms. Renée J. Gentry's IOLTA account for prompt disbursement.**

3) **a lump sum of $402.31 for Petitioner's personal costs to be paid through an ACH deposit to Ms. Renée J. Gentry's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[5]

**IT IS SO ORDERED**.

s/Herbrina Sanders Young
Herbrina Sanders Young
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.